UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM D. PIERCE | : | |
| | : | **PRISONER** |
| v. | : | Case No. 3:08cv1721 (VLB) |
| | : | |
| CHARLES LEE | : | May 21, 2010 |

**MEMORANDUM OF DECISION DENYING PETITION FOR WRIT OF**

**HABEAS CORPUS [DOC. #1].**

Petitioner commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges two state court convictions on ten grounds including violation of his rights under the Fourth Amendment, denial of due process and ineffective assistance of trial and appellate counsel.  For the reasons that follow, the petition should be denied.

I.       Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law however, is not cognizable in federal court.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

1

> **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
> **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir.), cert. denied, 537 U.S. 909 (2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court issued prior to the state court decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts.  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting

2

that deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits).  Because collateral review of a conviction applies a different standard that applied to a direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition.  Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).

II.   Procedural History

The Petitioner was charged in thirty-two separate criminal files with numerous counts of burglary and larceny.  In 1999, he was prosecuted on four of the thirty-two files in two separate cases.  In each case, petitioner was found guilty of the underlying charges[1] and of being a persistent serious felony offender.  He was sentenced to consecutive terms of imprisonment of twenty years each.  The Petitioner appealed both sentences and the appeals were consolidated.  The Petitioner claimed that he was detained in violation of his state constitutional rights and that his confession and the burglary tools found at the scene should have been suppressed.  The Connecticut Appellate Court affirmed petitioner's convictions and the Connecticut Supreme Court denied his petition for certification.  See State v. Pierce, 67 Conn. App. 634, 789 A.2d 496, cert.

---

[1]In Case No. CR97-68914, the Petitioner was convicted of burglary in the second degree and larceny in the sixth degree.  See Judgment, Resp't's Mem. App. B at 36-37.  In Case No. CR97-68919, the Petitioner also was convicted of burglary in the second degree and larceny in the sixth degree.  See Judgment, Resp't's Mem. App. B at 38-39.

3

**denied**, 260 Conn. 904, 795 A.2d 546 (2002).

In 2003, petitioner filed a petition for writ of habeas corpus in state court, on the grounds that he was afforded ineffective assistance of trial and appellate counsel and that he was wrongfully convicted of being a persistent serious felony offender.  Following an evidentiary hearing, the petition was denied.  **See** **Pierce v. Warden**, No. CV030475014S, 2006 WL 2677803 (Conn. Super. Ct. Aug. 29, 2006).  The denial was in turn affirmed on appeal.  **See** **Pierce v. Commissioner of Correction**, 107 Conn. App. 903, 944 A.2d 1022 (per curiam), **cert. denied**, 289 Conn. 920, 958 A.2d 152 (2008).  In November 2008, the Petitioner commenced the instant action challenging his conviction on ten grounds.


III.   **Factual Background**

The Connecticut Appellate Court determined that the juries could have found the following facts:  After receiving information from a citizen, the Norwich police department began investigating the Petitioner in connection with a series of burglaries in town.  They traced the vehicle, described by the citizen, to petitioner and learned that he had a criminal history of burglary.  **Pierce**, 67 Conn. App. at 635-36, 789 A.2d at 498.

On February 13, 1997, the Norwich police conducted a surveillance of Petitioner.  During their surveillance, Norwich police followed the Petitioner's vehicle into a residential neighborhood in the neighboring town of Montville.  The police saw the Petitioner park his vehicle and begin walking through nearby

backyards.  The police contacted and requested assistance from Connecticut state police and the Montville Police Department.  Approximately forty-five minutes later, a Norwich police sergeant saw the Petitioner crouch behind a woodpile in one of the yards.  When he approached the Petitioner, the sergeant saw a crow bar, a flashlight, and a pair of gloves on the ground a few feet from Petitioner.  The sergeant and another officer handcuffed the Petitioner and brought him to the side of the road.  They called the Montville police sergeant who was participating in the surveillance at a different location.  The Montville sergeant assumed control of the investigative detention and, after receiving information on the Petitioner's activities from the Norwich officers, arrested the Petitioner for possession of burglary tools.  The Petitioner was then brought to the state police barracks while the Norwich and Montville police departments, acting together, conducted a further investigation at the scene of the Petitioner's arrest.  The officers learned that one of the houses in the area had been broken into.  Id. at 636-37, 789 A.2d at 498.

Two Norwich officers interviewed the Petitioner and obtained a fourteen-page confession.  The Petitioner admitted to the burglary in Montville near the scene of his detention and thirty-one other burglaries in Norwich and Montville, identifying specific addresses and items taken from those locations.  Id. at 637, 789 A.2d at 498.


IV.   Discussion

5

The Petitioner challenges his conviction on ten grounds: (1) his detention and arrest lacked probable cause because the Norwich police were acting outside of their jurisdiction; (2) his motions to dismiss and suppress, attacking the legality of his detention and arrest, should have been granted; (3) counsel representing the Petitioner during pretrial matters provided ineffective assistance when he stipulated that evidence offered in support of the motion to dismiss could be used to decide a late-filed motion to suppress and offered no evidence on the voluntariness of the Petitioner's statements or the execution of the search of his residence; (4) pretrial counsel provided ineffective assistance when he failed to raise, in the motion to suppress, an argument that the Petitioner's confession was unconstitutional and that search of the Petitioner violated the Fourth Amendment; (5) pretrial counsel provided ineffective assistance by failing to adequately explain that the petitioner could appeal the claims not raised in the motion to suppress; (6) pretrial and trial counsel provided ineffective assistance by failing to adequately explain the consequences of withdrawing a guilty plea; (7) the Petitioner was denied due process due to wrongful conviction as a persistent serious felony offender; (8) trial counsel provided ineffective assistance by failing to object to the Petitioner's charge and conviction as a persistent serious felony offender; (9) appellate counsel provided ineffective assistance by failing to appeal the Petitioner's conviction as a persistent serious felony offender; and (10) appellate counsel provided ineffective assistance of counsel by failing to enunciate, on appeal, that the Petitioner's Fourth and

6

Fourteenth Amendment rights were violated by his illegal detention and arrest in Montville by the Norwich and Montville Police Departments.

A.   <u>Violation of Fourth Amendment</u>

Petitioner's first two grounds for relief assert violations of the Fourth Amendment protection against unreasonable search and seizure.  He argues that the Norwich police officers lacked probable cause to detain him, that his confession was not voluntary, and that the search of his residence was illegal.

The Respondent in turn notes that the Petitioner never exhausted these Fourth Amendment claims due to his failure to present such a claim to the Connecticut Supreme Court, as reflected by his contention in his tenth ground for relief, that his appellate counsel failed to assert a Fourth Amendment claim. [Docs. ## 1,13].  The Court does not dismiss the Petitioner's claims for failure to exhaust however, because even if the Petitioner claims had been properly exhausted, they still could not be properly asserted as part of this action.  <u>See</u> 28 U.S.C. § 2254 (b)(2) (noting that a court may deny an unexhausted claim on the merits).

Fourth Amendment claims are not cognizable on federal habeas corpus review where there has been an opportunity for full and fair litigation.  <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465 (1976).  The Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim,

7

the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Id. at 481-82; accord Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007) (reaffirming that Stone v. Powell precludes federal habeas review of Fourth Amendment claims unless the state fails to provide opportunity for full and fair litigation).

In reaching this decision, the Supreme Court weighed the justification for and cost of the exclusionary rule.  The primary justification for the exclusionary rule is to deter police conduct that violates a criminal defendant's Fourth Amendment rights.  Powell, 428 U.S. at 486.  One of the costs of the rule is the exclusion of evidence that "is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant."  Id. at 490.  The Court determined that application of the exclusionary rule "deflects the truth-finding process and often frees the guilty."  Id.  Thus, the Court concluded that the disincentive to police misconduct created by application of the exclusionary rule at trial would not be enhanced by continued application of the rule on federal habeas corpus review occurring many years after trial.  Id. at 493.

The Supreme Court has extended the holding in Powell to preclude a Fourth Amendment challenge to the introduction into evidence of a confession made after an allegedly unlawful arrest.  See Cardwell v. Taylor, 461 U.S. 571, 572-73 (1983) (per curiam )(reversing grant of habeas corpus where circuit court of appeals had determined that arrest violated Fourth Amendment and that

8

custodial statements taken following arrest should have been suppressed).

Following <u>Powell</u>, the Second Circuit developed a test to determine when a state prisoner has been denied an opportunity for full and fair litigation of his Fourth Amendment claims.  See <u>Capellan v. Riley</u>, 975 F.2d 67, 70 (2d Cir. 1992). The Second Circuit concluded that the state is only required to provide an "opportunity" for the criminal defendant to obtain a full and fair litigation of the Fourth Amendment claim.  Thus, review of Fourth Amendment claims in federal habeas petitioner is warranted only in two instances, "if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations" or "if the state has provided a corrective mechanism, but the [petitioner] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process."  <u>Id.</u> (citations omitted).  Whether petitioner took full advantage of the opportunity to litigate his Fourth Amendment claims is irrelevant.  The bar to federal habeas review of Fourth Amendment claims is incurable as long as the state provided a full and fair opportunity for petitioner to litigate that claim.  See <u>Graham v. Costello</u>, 299 F.3d 129, 134 (2d Cir. 2002).

The Connecticut Practice Book sets forth the procedures for filing a motion to suppress evidence obtained as a result of an allegedly illegal search or seizure.  See <u>Conn. Practice Book §§ 41-12 through 41-17.  The Petitioner filed motions seeking suppression of evidence and his confession and the trial court held a hearing on the motion to dismiss.  See Resp't's Mem. App. Q, Tr. of Mar. 4, 1998 at 1-52 (evidentiary hearing on motion to dismiss) and Tr. of Mar. 24, 1998 at

9

1-16 (oral decision denying motions to dismiss and suppress).  The Petitioner

subsequently filed a second motion to suppress and was afforded another

evidentiary hearing.  The second motion also was denied.  <u>See</u> Resp't's Mem.

App. Q, Tr. of Nov. 13, 1998 at 33-122 and Tr. of Nov. 30, 1998 at 126-221

(evidentiary hearing on motion to suppress) and Tr. of Dec. 11, 1998 at 1-9 (oral

decision denying motion to suppress).  Thus, the Petitioner clearly had a full and

fair opportunity to litigate his Fourth Amendment claims and cannot meet the first

exception that would enable this Court to now review those claims.

　　　　The Petitioner's arguments do not reflect denial of an opportunity to litigate

his Fourth Amendment claims, but instead reflect dissatisfaction with the state

court's decisions denying his motions. [Docs. ## 1-2].  The Court construes these

arguments as attempts to demonstrate an "unconscionable breakdown" in the

state's corrective process to satisfy the second exception identified in <u>Capellan</u>.

　　　　An "unconscionable breakdown in the state's process must be one that

calls into serious question whether a conviction is obtained pursuant to those

fundamental notions of due process that are at the heart of a civilized society."

<u>Cappiello v. Hoke</u>, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1988) (noting as examples,

bribing a trial judge, government's knowing use of perjured testimony and

extracting a guilty plea by torture), <u>aff'd</u>, 852 F.2d 59 (2d Cir. 1988); <u>accord</u>

<u>Capellan</u>, 975 F.2d at 70 (observing that "unconscionable breakdown" must entail

some sort of "disruption or obstruction of a state proceeding").  Thus, the inquiry

must focus on "the existence and application of the corrective procedures

10

themselves" and not on the "outcome resulting from the application of adequate state court corrective procedures" to determine whether an unconscionable breakdown has occurred.  <u>Capellan</u>, 975 F.2d at 71.

The Petitioner availed himself of the state process by litigating his Fourth Amendment claims at trial.  His disagreement with the state court's rulings "is not the equivalent of an unconscionable breakdown in the state's corrective process."  <u>Id.</u> at 72; <u>Gates v. Henderson</u>, 568 F.2d 830, 840 (2d Cir. 1977) ("<u>Stone v. Powell</u> ... holds that we have no authority to review the state record and grant the writ simply because we disagree with the result reached by the state courts."), <u>cert. denied</u>, 434 U.S. 1038 (1978).

<mark>To the extent that the</mark> Petitioner also seeks to link these claims with his ineffective assistance of counsel claims.  However, ineffective assistance of counsel is not the equivalent of unconscionable breakdown.  <u>See</u> <u>Parker v. Ercole</u>, 582 F. Supp. 2d 273, 287 (N.D.N.Y. 2008) (citing cases).  Thus, petitioner has not demonstrated an unconscionable breakdown in the state process and federal review of petitioner's Fourth Amendment claims is barred by <u>Stone v. Powell</u>.

The court considers petitioner's Sixth Amendment claims below.  <u>See</u> <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 382-83 (1986) (rejecting arguments that <u>Stone v. Powell</u> bars Sixth Amendment ineffective assistance of counsel claims premised on counsel's failure to raise Fourth Amendment objections).

    B.    <u>Denial of Due Process</u>

In his seventh ground for relief, petitioner contends that his conviction as a persistent serious felony offender violated his Fourteenth Amendment right to due process.  Respondent argues that the claim is not cognizable in this action because it is based solely on state law.  "The fact that federal habeas corpus relief does not lie for errors of state law, does not mean, however, that errors under state law cannot result in cognizable violations of a constitutional right to due process."  Vega v. Walsh, 258 Fed. Appx. 356, 358 (2d Cir. 2007).

Petitioner contends that his criminal history does not meet the requirements of the statute.  State courts, not federal courts, "are the ultimate expositors of state law."  Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); see also Engle v. Isaac, 456 U.S. 107, 128 (1982) (holding that state courts, not federal courts, possess primary authority for defining and enforcing criminal laws).  Federal courts are bound by the state court's interpretation.  See Bell v. Cone, 543 U.S. 447, 455 (2005); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.  See Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002).  Only when an error of state law is so egregious that it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" will an error of state law constitute a federal constitutional violation.  Montana v. Egelhoff, 518 U.S. 37, 43 (1996) (citation omitted).

12

The 1999 revision of Connecticut General Statutes § 53a-40(b) which was applicable at the time of the petitioners trial provided:

> A persistent serious felony offender is a person who (1) stands convicted of a felony, and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. This subsection shall not apply where the present conviction is for a crime enumerated in subdivision (1) of subsection (a) of this section and the prior conviction was for a crime other than those enumerated in subsection (a) of this section.

Resp. Mem. App. K at A22.  The crimes enumerated in subsection (a)(1) are manslaughter, arson, kidnapping, sexual assault in the first or third degree, aggravated sexual assault in the first degree, sexual assault in the third degree with a firearm, robbery in the first or second degree and assault in the first degree.  Conn. Gen. Stat. § 54a-40(a)(1) (rev. 1999), Resp. Mem. App. K at A22.

Petitioner does not challenge the state court's determination that he previously was convicted of a crime within the meaning of subsection (b)(2) and that his two 1999 convictions satisfied the felony requirement[2] of subsection (b)(1).  He argues, instead, that his circumstance fell within the exception in the second sentence of the subsection.

To qualify for the exception, petitioner must meet two requirements.  First, his current conviction must have been for one of the enumerated crimes.  Second, the prior conviction must have been for a crime not enumerated.  The

---

[2]Burglary in the second degree is a Class C felony.  <u>See</u> Conn. Gen. Stat. §

two requirements are linked by the conjunctive "and" rather then the disjunctive "or."  This indicates the clear intent of the legislature that both requirements must be satisfies for the exception to apply.  See Horak v. Middlesex Mut. Assur. Co., 181 Conn. 614, 616-17, 436 A.2d 783, 784 (1980) (explaining the difference in use and meaning of "and" and "or").

Petitioner's 1999 convictions were for burglary in the second degree and larceny in the sixth degree.  Neither is included in the enumerated crimes.  Thus, petitioner cannot qualify for the exception.  The state court interprets unambiguous statutes according to their plain meaning.  See Conn. Gen. Stat. § 1-2z; State v. Fowlkes, 283 Conn. 735, 745, 930 A.2d 644, 651 (2007).  Because the language of the statute is clear and unambiguous  and further because state court correctly interpreted the state statute, petitioner was not convicted in violation of state law.  The state court's determination is not a fundamental error that would rise to the level of a federal constitutional violation.

Accordingly, petitioner's due process claim raises only the proper application of state law and is beyond the purview of this court in a federal habeas action.

C.    Ineffective Assistance of Counsel

Petitioner's remaining grounds for relief, three through six and eight through ten, assert claims of ineffective assistance of pretrial, trial and appellate counsel.

---

53a-102(b).

An ineffective assistance of counsel claim is reviewed under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To prevail, petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him.  <u>Id.</u> at 687-88.  Counsel is presumed to be competent.  Thus, petitioner bears the burden of demonstrating unconstitutional representation.  <u>United States v. Cronic</u>, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the <u>Strickland</u> test, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial.  <u>Strickland</u>, 466 U.S. at 694.  The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.  <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005).  To prevail, petitioner must demonstrate both deficient performance and sufficient prejudice.  <u>Strickland</u>, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

In analyzing this claim, the state court applied the standard established in <u>Strickland</u>.  Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).  The court will consider the last reasoned state court decision to determine whether the decision is an unreasonable application of federal law.  <u>See Ylst v.</u>

**Nunnemaker**, 501 U.S. 797, 804 (1991).  Here, the court reviews the decision denying the petition for writ of habeas corpus.

>1.   **Motions to Dismiss and Suppress**

In the third and fourth grounds for relief, petitioner argues that pretrial counsel was ineffective when he stipulated that evidence offered in support of the motion to dismiss could be used to decide a late-filed motion to suppress and offered no evidence on the voluntariness of petitioner's statements or the execution of the search of his residence.

At the state habeas hearing, pretrial counsel stated that the basis for his motion to dismiss and motion to suppress was the fact that Norwich police officers lacked jurisdiction to arrest petitioner in Montville.  He also stated that, based on preliminary conversations with petitioner, he had no other grounds upon which to challenge the admissibility of petitioner's statements or to challenge the search.  Thus, pretrial counsel stipulated that the same evidence could be used to decide both motions.  See Resp't's Mem. App. S, Tr. of Jan. 18, 2006 at 34-38.  Petitioner testified that he had communicated to pretrial counsel reasons to challenge the search and his statements.  See id. at 95-96.  The state court credited pretrial counsel's statements and determined that pretrial counsel's performance was not deficient.  See Pierce, 2006 WL 2677803, at *4, *6.

The state habeas court, acting as trier of fact, determines the credibility of the witnesses.  The state court was entitled to credit pretrial counsel's testimony over petitioner's.  See, e.g., Woolcock v. Commissioner of Correction, 62 Conn.

16

App. 821, 823, 772 A.2d 684, 686-87 (2001) (habeas judge, as trier of fact, is "the sole arbiter of the credibility of witnesses and the weight to be given to their testimony").  State court factual findings are entitled to a presumption of correctness.  To overcome this presumption, petitioner must present clear and convincing evidence that the finding is incorrect.  See Rice v. Collins, 546 U.S. 333, 338-39 (2006); 28 U.S.C. § 2254(e)(1).

Petitioner has presented no evidence to overcome the presumption. Rather he argues that the state court's determination is an unreasonable determination of the facts.  Section 2254(d)(2) provides that a petition for writ of habeas court may be granted if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court."  Finding that a state court decision was based on an unreasonable determination of the facts requires more that disagreement with the state court's findings or credibility determinations.  See Rice, 546 U.S. at 341-42.  Petitioner's disagreement with the state court's determination, without more, is insufficient to successfully challenge that finding.

In addition, "[f]ailure to make a meritless argument does not amount to ineffective assistance."  U.S. v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).  Petitioner expresses his opinion on these issues but has not presented any evidence showing that his statements were not voluntary or the execution of the search of his residence was improper.  A motion to suppress filed by trial counsel on these

17

grounds was denied.  See Resp't's Mem. App. Q, Tr. of Nov. 13, 1998 at 33-122 and Tr. of Nov. 30, 1998 at 126-221 (evidentiary hearing on motion to suppress) and Tr. of Dec. 11, 1998 at 1-9 (oral decision denying motion to suppress).   When considering the prejudice prong of the Strickland standard, the court may utilize "the benefit of hindsight."  Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir.), cert. denied, 513 U.S. 820 (1994).  The court cannot discern any prejudice from failing to assert meritless arguments.  Thus, the state court determination that pretrial counsel was not ineffective for failing to make those arguments was not an unreasonable application of Supreme Court law.

 2. **Explanation of Right to Appeal**

 In his fifth ground for relief, petitioner argues that pretrial counsel failed to explain adequately that petitioner could appeal the claims not raised in the motion to suppress.  In his second amended state petition for writ of habeas corpus, however, petitioner described this claim as: "Had Trial Counsel explained to Petitioner-Defendant that he could also appeal the Court's March 24, 1998 decision on the Motion to Suppress, Petitioner would have abided by the terms of his conditional nolo contendere plea entered March 24, 1998."[3]  See Resp't's Mem. App. J at 17, ¶ 92.  Although petitioner may have intended to raise the claim he asserts here, he failed to do so.  Petitioner did not further amend his petition after the hearing and the state habeas court considered only the claim asserted in

---

[3]In paragraph 89(c) of the Second Amended Petition, petitioner argues that pretrial counsel was ineffective in failing to include all possible grounds in the motion to suppress.  The court considered this claim in subsection 1 above.

the petition.  Thus, petitioner has not exhausted his state remedies on the fifth ground for relief.  In his reply memorandum, petitioner states that, if the court determines that this claim is unexhausted, he wishes to withdraw the claim.  <u>See</u> Pet'r's Reply Mem., attached to Doc. #15, at 22.  Accordingly, the court considers this claim withdrawn.

### 3.   <u>Withdrawal of Plea</u>

Petitioner next contends that pretrial and trial counsel failed to explain adequately the consequences of withdrawing the conditional nolo contendere plea.  He argues that, but for this failure, he would not have withdrawn his plea and gone to trial.  Specifically, he faults counsel for failing to tell him that he could be charged as a persistent serious felony offender and be subject to a lengthier sentence.  Petitioner challenges the state habeas court's consideration of this issue as an unreasonable determination of the facts in light of the evidence presented.  <u>See</u> <u>id.</u>

Both attorneys testified at the state habeas hearing that they tried to discourage petitioner from withdrawing his plea.  Pretrial counsel stated that he advised petitioner that he would face a substantial sentence, much longer that the eleven-year sentence in the plea agreement, if he were convicted in all cases.  Resp't's Mem. App. S at 23-24.  Trial counsel stated that he did not think petitioner should have withdrawn the plea and that it was clear to petitioner, both from discussions with trial counsel and the court, that the decision was binding, that is, petitioner could not change his mind and seek another nolo contendere

19

plea in the future.  Id. at 53, 61.  Petitioner conceded that pretrial counsel advised

him that he was facing exposure to a lengthy sentence if he withdrew the plea

and that it was unlikely that the state would agree to another plea in the future.

Id. at 104, 108.  He also stated that trial counsel had told him that he would face a

more severe penalty if he withdrew the plea.  Id. at 116.

At the time he entered the nolo contendere plea, the court informed

petitioner that if he were found guilty of all charges and sentenced to consecutive

terms of imprisonment he was facing a sentence of 315 years.  See Resp't's Mem.

App. Q, Tr. of Mar. 24, 1998(2) at 23-24.  During the October 19, 1998 hearing on

the motion to withdraw the plea, the court ensured that petitioner understood that

the plea carried a total term of imprisonment of eleven years, but that his total

exposure on all pending criminal charges was up to 300 years.  Petitioner clearly

stated that he understood the possible penalty.  See Resp't's Mem. App. Q, Tr. of

Oct. 19, 1998 at 1-2.

The state habeas court found that petitioner "fully understood the

ramifications of withdrawing the plea and the exposure to prison that he faced if

he was subsequently convicted after trial."  Pierce, 2006 WL 2677803, at *6.  The

state habeas court then determined that petitioner's withdrawal of his plea was

independent of any action or omission of trial or pretrial counsel.  By the time he

withdrew the plea, the consequences had been explained to petitioner by pretrial

counsel, trial counsel and the court.  Id.  After reviewing the facts of record, the

court concludes that the state habeas court did not unreasonably determine the

facts in light of the evidence presented.

### 4.  Persistent Serious Felony Offender Charge

In his eighth and ninth grounds for relief, petitioner argues that trial counsel was ineffective for failing to object to the persistent serious felony offender charge and appellate counsel was ineffective for failing to challenge that conviction on appeal.  The court has determined that the charge was proper.  Thus, the failure of trial and appellate counsel to raise this challenge was not deficient performance.  Accordingly, these ineffective assistance of counsel charges lack merit and the state court's rejection of this claim was not an unreasonable application of Supreme Court law.

### 5.  Assertion of Federal Claims

In his tenth ground for relief, petitioner contends that appellate counsel should have asserted federal, as well as state, constitutional claims.  At the state habeas hearing, petitioner presented no evidence regarding the actions of appellate counsel and the state habeas court did not address this issue.  The court presumes, as respondent suggests, that the court considered the claim abandoned when petitioner failed to present any evidence to support it.  See Brown v. Commissioner of Correction, 104 Conn. App. 144, 150 n.7, 931 A.2d 963, 966 n.7 (claim included in petition but not raised or addressed at hearing is abandoned; if petitioner believed claim not abandoned and should have been addressed in habeas decision, he had obligation to seek articulation of habeas decision), cert. denied, 284 Conn. 937, 937 A.2d 693 (2007).  Even if the claim was

21

not properly presented and, therefore, not exhausted, the court can review and deny the claim on the merits.  See 28 U.S.C.§ 2254(b)(2).

Petitioner asks the court to find that appellate counsel was ineffective as a matter of law because no federal claims were raised on direct appeal.  When considering claims of ineffective assistance of counsel, the court presumes that counsel is competent.  Petitioner must present evidence to overcome this presumption.  See Cronic, 466 U.S. at 658.  Appellate counsel is not required to raise every nonfrivolous issue requested by the criminal defendant.  See Smith v. Murray, 477 U.S. 527, 536 (1986) ("process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy")(internal quotation marks and citation omitted).

Petitioner fails to overcome this presumption.  He presented no evidence showing that the Fourth and Fourteenth Amendment claims were meritorious and no expert testimony that any reasonably competent attorney would have asserted Fourth and Fourteenth Amendment claims in addition to the state constitutional claims.  Instead, petitioner acknowledges in a pro se brief submitted to the Connecticut Appellate Court on appeal of the denial of the state habeas petition that the state constitution "presumably affords one greater protection that the 4th Amendment of the U.S. Constitution."  Resp't's Mem. App. K at 36.  Accordingly, he fails to overcome the presumption that appellate counsel's actions were competent as reasonable appellate strategy.  The petition is denied on this

22

ground.

## V.   <u>Conclusion</u>

The petition for writ of habeas corpus [Doc. #1] is DENIED.   The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that petitioner has not shown that he was denied a constitutionally or federally protected right.  Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

IT IS SO ORDERED.

 /s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut this 21st  day of May 2010.

23