UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM D. PIERCE | : | |
| | : | PRISONER |
| v. | : | Case No. 3:08cv1721 (VLB) |
| | : | |
| CHARLES LEE | : | |

### RULING ON MOTION TO ALTER OR AMEND JUDGMENT

On May 24, 2010, judgment entered dismissing this action. On September 14, 2010,[1] the petitioner filed a motion to alter or amend judgment pursuant to Rule 59(e), Fed. R. Civ. P. For the reasons that follow, the petitioner's motion is denied.

Motions seeking reconsideration of a judgment will be denied unless the moving party identifies controlling decisions or facts that the Court overlooked. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved or to address facts,

---

[1]The Court afforded the petitioner an extension of time, until September 2, 2010, to file his motion. Although the petitioner certified that he mailed this motion to respondent's counsel on August 8, 2010, the motion is dated August 30, 2010. The Court assumes that the petitioner gave his motion to prison officials for mailing by September 2, 2010, and therefore satisfies the prison mailbox rule. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (prisoner petitions are considered filed as of the date the prisoner gives the petition to correctional staff for mailing).

issues, or arguments not previously presented to the Court. See U.S. ex rel. Drake v. Norden Systems, Inc., No. 3:94cv963(EBB), 2003 WL 23319386, at *1 (D. Conn. Jun. 17, 2003)(citations omitted). Instead, Rule 59(e) affords the Court "an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." Id. (citation omitted).

The petitioner first disputes the Court's analysis of his Fourth Amendment claims. He also contends that the Court should have considered this claim in connection with his claim of ineffective assistance of counsel.

The Court explained in the prior decision, that ineffective assistance of counsel is not considered an unconscionable breakdown in the state's corrective process that would permit review of Fourth Amendment claims in a petition for writ of habeas corpus. See Doc. #21 at 11. The petitioner has not identified any Supreme Court law requiring the result he seeks. His disagreement with and reargument of issues already considered by the Court is not proper on a motion to alter or amend judgment. Further, the petitioner asserted a separate claim that counsel was ineffective in relation to the motions to dismiss and suppress filed in state court to assert the Fourth Amendment claims. Thus, the Court did consider the petitioner's claim that counsel was ineffective in asserting the alleged Fourth Amendment violation.

The petitioner next seeks review of three ineffective assistance of counsel claims regarding: the motions to dismiss and suppress, the failure to litigate the

Fourth Amendment claim on appeal and explanation of the right to appeal. The petitioner is attempting to reargue these claims and disputes the conclusions reached by the Court in its decision.

With regard to his claim that counsel was ineffective in connection with the assertion of his Fourth Amendment claims in state court, the petitioner argues that he presented sufficient evidence to support his claim that pretrial counsel was aware of the petitioner's concerns regarding the voluntariness of his statements to the police but failed to pursue those concerns when he agreed that the same evidence used in support of the motion to dismiss could be used to decide the motion to suppress. The state courts, however, rejected the petitioner's argument that the Norwich police were operating without jurisdiction when they detained him in the neighboring town of Montville. The state habeas court credited pretrial counsel's testimony that this argument was the basis of the motion to dismiss and the motion to suppress. Here, the petitioner again argues the legality of his detention and arrest.

The petitioner also contends that counsel's failure to explain that he could accept the plea and still appeal these issues resulted in his change of plea. To establish ineffective assistance of counsel regarding the plea agreement, the petitioner would have to establish that but for counsel's advice, he would have accepted the plea. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (petitioner must show that counsel's performance was below an objective standard of reasonableness and that the deficient performance prejudiced him,

3

that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  The petitioner directs the Court to <u>Pham v. United States</u>, 317 F.3d 178, 183 (2d Cir. 2003), to support his claim that the great disparity between the eleven-year sentence he would have received if he had accepted the plea and the forty-year sentence he did receive, shows that he was prejudiced by rejecting the plea.

The state habeas court, however, found that both pretrial and trial counsel had advised the petitioner not to withdraw the plea and informed him that he could accept the plea and still appeal the denial of his motions to dismiss and suppress.  Thus, the state court did not find deficient performance.  Also, the state court had advised the petitioner that if he declined the offer, he was facing a much higher sentence.  The state court factual findings and credibility determinations are presumed correct unless the petitioner offers evidence to rebut them.  <u>See</u> <u>Rice v. Collins</u>, 546 U.S. 333, 338-39 (2006).  The petitioner offers no evidence to show that the Court's application of that presumption was incorrect.  The petitioner's continued disagreement with the factual findings or credibility determinations made by the state court is insufficient to overcome the presumption of correctness.  <u>See</u> <u>id.</u> at 341-42.  The state court concluded that counsel was not ineffective regarding withdrawal of the plea and this Court determined that the state court decision was not an unreasonable determination of the facts in light of the evidence presented.  <u>See</u> Doc. #21 at 20-21.

The standard the petitioner must meet on a federal petition for writ of

habeas corpus is high.  To prevail, the petitioner must show that the state court unreasonably applied federal law.  The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).  Thus, the petitioner's arguments that the state court decision was incorrect are insufficient to warrant federal habeas corpus relief.

The petitioner also refers the Court to circuit court decisions holding that the rejection of a plea agreement that would have resulted in a lesser sentence may show prejudice to establish ineffective assistance of counsel.  See, e.g., Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).  As the Court explained in the prior ruling, however, federal habeas relief is appropriate only where the state court decision was contrary to or an unreasonable application of Supreme Court law.  See 28 U.S.C. § 2254(d)(1); Carey v. Musladin, 549 U.S. 70, 74 (2006).  The fact that another circuit may have reached a contrary result, does not compel that result in this case.  In addition, even if these decisions were considered, they would apply only to the prejudice prong of the test.  They do not establish deficient performance.

In his last two challenges, the petitioner disagrees with this Court's treatment of his claims that appellate counsel failed to assert the Fourth Amendment claim on appeal and pretrial counsel failed to adequately explain his right to appeal the denial of the motions to suppress and dismiss.  The petitioner disputes the Court's analysis of the claim.  As he has not offered any newly

discovered evidence or identified any Supreme Court law that this Court failed to consider, the motion to alter or amend judgment is denied as to these claims.

Repeating arguments previously rejected by the Court is not the proper use of a motion to alter or amend judgment. The petitioner's motion to alter or amend judgment [Doc. #34] is DENIED. A certificate of appealability will not issue.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut this 3rd day of November 2010.